NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-86

COMMONWEALTH

vs.

DAMIAN GOUSE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On September 25, 2009, a Superior Court jury convicted the defendant of unlawful possession of a firearm outside of his residence or place of business, in violation of G. L. c. 269, § 10 (a).[1]  The defendant filed a notice of appeal on September 29, 2009.  On June 28, 2010, the United States Supreme Court decided McDonald v. Chicago, 561 U.S. 742 (2010).

---

[1] The jury also convicted the defendant of assault and battery by means of a dangerous weapon (shod foot), in violation of G. L. c. 265, § 15A (b), assault and battery, in violation of G. L. c. 265, § 13A (a), and unauthorized use of a motor vehicle, in violation of G. L. c. 90, § 24 (2) (a).  The same jury found that the defendant had committed three predicate offenses subjecting him to enhanced sentencing as a career criminal under G. L. c. 269, § 10G (c).  Following the Supreme Judicial Court's decision in Commonwealth v. Ashford, 486 Mass. 450 (2020), the defendant moved for a new trial.  The motion judge granted the motion and resentenced the defendant.

The defendant filed a supplemental memorandum with this court in his direct appeal arguing that, in light of the United States Supreme Court's decisions in McDonald and District of Columbia v. Heller, 554 U.S. 570 (2008), placing the burden on the defendant to produce evidence that he had a license violated his right to own and bear a firearm under the Second Amendment to the United States Constitution.  See Commonwealth v. Gouse, 461 Mass. 787, 799-800 & n.13 (2012) (Gouse I).  The Supreme Judicial Court on its own motion took the defendant's direct appeal on April 22, 2011.  The court was not persuaded and determined that "[n]othing in the McDonald and Heller decisions has altered or abrogated our jurisprudence regarding the elements of the crime of unlawful possession of a firearm or the allocation of the burdens of production and proof with respect to the affirmative defense of licensure."  Id. at 801.  The defendant did not seek certiorari review by the United States Supreme Court and his conviction became final in July 2012.[2]

_____

[2] The Supreme Judicial Court decided the defendant's case on April 10, 2012.  Gouse I, 461 Mass. at 787.  The defendant's convictions therefore became final ninety days later, when the time the defendant could have petitioned the United States Supreme Court for a writ of certiorari elapsed.  See Beard v. Banks, 542 U.S. 406, 411 (2004); Rule 13.1 of the Rules of the Supreme Court (2010) ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment").

2

Following the United States Supreme Court's decision in New York State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022), the Supreme Judicial Court recognized that its reasoning in Gouse I was no longer valid. See Commonwealth v. Guardado, 491 Mass. 666, 690 (2023) (Guardado I), S.C., 493 Mass. 1 (2023) (Guardado II), cert. denied, 144 S. Ct. 2683 (2024). Twelve years after the Supreme Judicial Court's decision in Gouse I, on May 8, 2024, the defendant, pursuant to Mass R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), filed a motion to reconsider and vacate, arguing that, because the defendant had previously raised the same argument that the Supreme Judicial Court eventually adopted in Guardado I, the retroactivity language in Guardado I does not bar the defendant from benefitting from Guardado I's ruling through a motion to reconsider. A Superior Court judge disagreed and denied the motion. We affirm.

Discussion. "We have long held that pleadings are to be treated 'according to their nature and substance' rather than their technical form." Commonwealth v. Preston, 393 Mass. 318, 322-323 (1984). We review the denial of a motion for a new trial "only to determine whether there has been a significant error of law or other abuse of discretion" (citation omitted). Commonwealth v. Weichell, 446 Mass. 785, 799 (2006).

The United States Supreme Court held in Bruen that the United States Constitution protects "an individual's right to

3

carry a handgun for self-defense outside the home." Bruen, 597 U.S. at 10. Following Bruen, the Supreme Judicial Court held that "[b]ecause possession of a firearm in public is constitutionally protected conduct, in order to convict a defendant of unlawful possession of a firearm, due process requires the Commonwealth to prove beyond a reasonable doubt that a defendant did not have a valid firearms license." Guardado I, 491 Mass. at 668.

The Supreme Judicial Court reasoned that because the rule announced in Guardado I was dictated by Bruen, "our holding here should not be applied retroactively to convictions that became final prior to the United States Supreme Court's decision in Bruen . . . ." Guardado I, 491 Mass. at 693. "The retroactivity of a constitutional rule of criminal procedure turns on whether the rule is 'new' or 'old.'" Id., quoting Commonwealth v. Perry, 489 Mass. 436, 463 (2022). "A case 'announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final.'" Guardado I, supra, quoting Commonwealth v. Bray, 407 Mass. 296, 301 (1990). "State convictions are final 'for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied.'" Beard v.

4

Banks, 542 U.S. 406, 411 (2006), quoting Caspari v. Bohlen, 510 U.S. 383, 390 (1994).

The defendant concedes that the new rule of constitutional law articulated in Guardado I would not apply retroactively if the defendant brought a claim on collateral review. See Guardado I, 491 Mass. at 693. However, the defendant argues that, because he raised the same argument that the Supreme Judicial Court ultimately adopted, filing a "motion for reconsideration" served to renew that claim. The argument is unavailing.

The defendant's motion to reconsider was filed May 8, 2024, almost fifteen years after the jury returned their verdict on the defendant's unlawful possession of a firearm charge. The judge, in adopting the reasons stated in the Commonwealth's opposition brief, treated the motion as a motion for a new trial. See Preston, 393 Mass. at 322-323 ("pleadings are to be treated according to their nature and substance rather than their technical form" [quotation and citation omitted]). The defendant's motion was appropriately characterized as a motion for a new trial because it was filed over a decade after the defendant's convictions became final, the motion was expressly brought "pursuant to" Mass. R. Crim. P. 30 (b) (allowing a judge to grant a new trial), and the defendant did not raise the violation of his Second Amendment rights until he raised it in a

5

supplemental memorandum of law submitted on direct appeal.[3]  See Gouse I, 461 Mass. at 799 n.13.  See Preston, supra.  Because Guardado I's new rule clearly and explicitly does not apply to convictions that were final before Bruen and were subsequently challenged on collateral review, the motion judge correctly denied the defendant's motion.  See Guardado I, 491 Mass. at 693.

Order denying motion to
  reconsider and vacate
  affirmed.

By the Court (Desmond, Shin &
  Walsh, JJ.[4]),

*Paul Little*

Clerk

Entered:   December 10, 2025.

---

[3] Consequently, there was no prior ruling or decision for the motion judge to reconsider.  See Rule 9D of the Rules of the Superior Court (2023) ("A Motion for Reconsideration shall be based on . . . a particular and demonstrable error in the original ruling or decision.  A Motion for Reconsideration shall otherwise raise no new grounds for relief not raised in the original motion or opposition and shall not reiterate previously advanced arguments").

[4] The panelists are listed in order of seniority.